NUMBER 13-03-712-CR 

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

MARK ALLEN MARKOWSKY,                                             Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 24th District Court
of De Witt County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

         Appellant, Mark Allen Markowsky, pled guilty to burglary of a habitation and
was sentenced to twenty years confinement in the Institutional Division of the Texas
Department of Criminal Justice. In his sole point of error, appellant contends that the
sentence imposed amounts to cruel and unusual punishment in violation of both the
United States and Texas Constitutions. See U.S. Const. amend. VIII; Tex. Const. art.
I, § 13. Appellant asserts that the twenty year sentence is cruel and unusual because
he suffers from liver disease and hepatitis C, and only has two to four years to live. 
The trial court has certified that this case “is not a plea-bargain case, and the
defendant has the right of appeal as to issues that are appealable by law.” See Tex.
R. App. P. 25.2(a)(2). We affirm.
         To preserve a complaint of cruel and unusual punishment for appellate review,
appellant must present to the court a timely request, objection, or motion stating the
specific grounds for the ruling desired. See Tex. R. App. P. 33.1(a)(1)(A); Rhoades v.
State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). The constitutional right to be
free from cruel and unusual punishment may be waived by failure to object. See
Quintana v. State, 777 S.W.2d 474, 479 (Tex. App.–Corpus Christi 1989, pet. ref’d). 
The record reflects that appellant did not object to the sentence as violating his
constitutional right at the time it was announced, nor did he raise this argument in a
post-trial motion. By failing to object in the trial court, appellant has waived his
complaint. See id.
         Accordingly, appellant’s sole point of error is overruled, and the judgment of the
trial court is affirmed.
                                                                                                
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 
filed this 19th day of August, 2004.